Filed 8/15/14  In re Justin W. CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

|  |  |
|---|---|
| In re JUSTIN W. et al., Persons Coming Under the Juvenile Court Law. | |
| SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY, | D065389 |
| Plaintiff and Respondent, | (Super. Ct. No. EJ3744A-C) |
| v. | |
| AMBER P., | |
| Defendant and Appellant. | |

APPEAL from orders of the Superior Court of San Diego County, Elizabeth A. Riggs and Gary Bubis, Judges.  Affirmed; request for judicial notice denied.

Kathleen Murphy Mallinger, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas E. Montgomery, County Counsel, John E. Philips and Lisa Maldonado, Deputy County Counsel, for Plaintiff and Respondent.

Neil R. Trop, under appointment by the Court of Appeal, for minors.

Amber P. appeals juvenile court orders granting physical and legal custody of her sons, E.S. and Michael S., to their father, Justin S. (the father), and orders terminating jurisdiction. She contends the court erred by placing Michael with the father because there was no showing the placement would be in Michael's best interests, and the father did not bring a Welfare and Institutions Code[1] section 388 petition as required. She also asserts there was no substantial evidence to support a determination that placing E.S. with the father would not be detrimental to E.S.'s safety, protection and well-being. In the alternative, she argues the court erred by granting the father full legal and physical custody of the boys and in terminating jurisdiction and entering visitation orders that cannot be implemented. The minors assert the court erred by not retaining jurisdiction over them. We affirm the orders. We deny the motion by the San Diego County Health and Human Services Agency (the Agency) for judicial notice of correspondence Amber purportedly sent to counsel stating she did not authorize this appeal.

FACTUAL AND PROCEDURAL BACKGROUND

On October 30, 2013, the Agency petitioned under section 300, subdivision (b) on behalf of six-year-old Justin W.,[2] four-year-old E.S. and 15-month-old Michael. The petitions alleged the children were at risk of harm from Amber's use of marijuana and methamphetamine; Amber had suffered a psychotic episode induced by her drug use during which she expressed suicidal thoughts and thoughts of harming the children; and

_____

1    All further statutory references are to the Welfare and Institutions Code.

2    The social worker was never able to contact Justin's father. Amber has not raised any issues relating to Justin in her appeal.

2

she had used marijuana since age 12 and methamphetamine since age 18, yet did not believe she had a drug problem and refused to follow through with drug treatment.

The social worker reported the children lived with their maternal stepgrandmother. Amber had agreed to this arrangement and had agreed to participate in substance abuse treatment and to seek help for her mental health issues. However, on October 4, 2013, she called relatives and said she was going to drown herself and the children, and that the children were possessed. She acknowledged using methamphetamine and said she believed the maternal grandfather was sexually abusing the children. On October 15, she tested positive for marijuana, but denied being addicted to methamphetamine or marijuana and was unwilling to discuss treatment. She said she did not need services in order to reunify with the children. She did not want the children placed with their fathers.

Amber said the father was at the hospital when E.S. was born, he had provided support, and E.S. had lived with him for three or four months after his birth. She said the father was Michael's father as well, but Michael had never lived with him.

The father lives in Las Vegas, Nevada. He contacted the Agency and said he wanted E.S. and Michael placed with him. He reported he had established biological paternity of E.S. and was in the process of establishing paternity of Michael. His criminal history included being detained for assault and battery in 2006 and investigated for domestic violence in 2013. He had no child welfare services history. He said E.S. had been in his care for a time in 2010, and he had paid child support for him since June 2010. In April 2013, he was ordered to pay child support for Michael. In December 2013, the Agency received notification that the father is Michael's biological father. On

January 2, 2014, the court ordered the petition regarding Michael be amended to reflect that he is Michael's biological father.

At the jurisdictional and dispositional hearing on January 8, 2014, after considering the documentary evidence and argument by counsel, the court found the allegations of the petition to be true and that the children were at substantive risk of harm in Amber's care. It ordered E.S. and Michael placed with the father.

At a special hearing on January 30, 2014, the court granted sole legal and physical custody of E.S. and Michael to the father. It ordered Amber would have supervised visitation every six weeks, alternating between San Diego and Las Vegas, as well as supervised visitation through Skype and telephone calls.

## DISCUSSION

## I

Amber contends the court erred by placing Michael with the father in Las Vegas. She argues because the father was not designated Michael's presumed father, he was required to file a section 388 petition to gain placement, and the evidence did not support a finding the placement was in Michael's best interests.

Assuming Amber has preserved this issue for appeal, we do not find error. Amber's claim a section 388 petition was required is incorrect. A section 388 petition is filed by a party requesting to change, modify or set aside a previously made order regarding a dependent child. (§ 388, subd. (a)(1).) When the father requested custody, he was not requesting a change in a previously made order, and Michael had not yet been

4

declared a dependent child of the court. It would not have been appropriate for him to file a section 388 petition.

Amber's reliance on *In re Zacharia D.* (1993) 6 Cal.4th 435 is misplaced. In *In re Zacharia D.*, the biological father did not come forward until the 18-month permanency review hearing. Upon the parents' appeal of the termination of their parental rights, the appellate court ruled there had not been a sufficient finding of detriment under section 361.2, subdivision (a), which requires custody be awarded to a noncustodial parent absent a finding of detriment, and ordered Zacharia placed with his biological father. (*In re Zacharia D.*, at p. 445.) The California Supreme Court reversed, ruling section 361.2, subdivision (a) applies only when the child is first removed from the custodial parent's home, and only a presumed father, as opposed to a biological father, is entitled to assume immediate custody. (*In re Zacharia D.*, at pp. 453-454.) The high court suggested that when a biological father seeks custody late in dependency proceedings, he may file a section 388 petition to request the court reconsider its earlier rulings. (*Id.* at p. 454.) Here, the father requested custody at disposition. There were no previous orders to be modified. Although as a biological father, he was not entitled to immediate custody absent a finding of detriment under section 361.2, subdivision (a), the ruling of *In re Zacharia D.* does not signify he was required to file a section 388 petition.

The juvenile court has wide latitude in making orders necessary for the well-being of a child who has been adjudged as its dependent and may make "any and all reasonable orders for the care, supervision, custody, conduct, maintenance, and support of the child." (§ 362, subd. (a).) In making a decision on a child's placement the court must

5

consider that child's best interests. (§ 361.3, subd. (a)(1).) "[T]he fundamental premise of dependency law is to serve the best interests of the dependent child." (*In re A.J.* (2013) 214 Cal.App.4th 525, 536.) "The law provides the juvenile courts with the necessary tools and guidelines, as well as broad discretion, to make appropriate orders regarding dependent children consistent with this foundational principle." (*Ibid.*) Section 361.5, subdivision (a) provides discretion to the court to order services for a child and the child's biological father if the court determines the services will benefit the child. Although not expressly authorized by statute, section 361.5, subdivision (a) and the statutory scheme as a whole provide discretion to a court to place a child with his biological parent and to terminate jurisdiction if it determines no protective issues are present in the home. The guiding principles of dependency law and the statutory scheme provided the court with discretion to place Michael with the father if it determined that such placement was in Michael's best interests.

The court did not abuse its discretion by ordering Michael placed with the father. When a court has made a decision such as a dependent child's placement, " ' "a reviewing court will not disturb that decision unless the trial court has exceeded the limits of legal discretion by making an arbitrary capricious, or patently absurd determination." ' " (*In re Stephanie M.* (1994) 7 Cal.4th 295, 318.) "The juvenile court is vested with ' "very extensive discretion in determining what will be in the best interests of a child," and . . . its determination will not be reversed save for clear abuse of that discretion.' " (*In re B.S.* (2012) 209 Cal.App.4th 246, 254.)

6

The evidence supported placing Michael with the father. The father came forward after the children were detained and stated he wanted them placed with him. He had already established paternity for E.S. and during the course of the proceedings established paternity for Michael as well. His criminal record included only two entries. He was detained, but not arrested, for assault and battery in 2006, and he was investigated for domestic violence in 2013. The social worker reported the domestic violence investigation did not appear to characterize his relationship with his wife. He had no history with child protective services. The Agency recommended the children be placed with him and that Amber receive supervised visitation. The evidence fully supported the court's decision. Amber has not shown an abuse of the court's discretion.

II

Amber asserts the court also erred by ordering E.S. placed with the father. She argues he is not a nonoffending and competent parent entitled to placement under section 361.2, subdivision (a), and there is no substantial evidence in the record to show there would not be detriment to E.S.'s safety, protection and well-being if he is placed with the father.

Section 361.2, subdivision (a) provides that when a court orders removal of a child from a custodial parent under section 361, if the noncustodial parent requests custody, the court must place the child with the noncustodial parent unless it finds such placement would be detrimental to the child.

The juvenile court's finding for placement or nonplacement under section 361.2, subdivision (a) with the previously noncustodial parent must be made by clear and

convincing evidence. On review, the decision is considered under the substantial evidence standard. (*In re John M.* (2006) 141 Cal.App.4th 1564, 1569.) A reviewing court must uphold a juvenile court's findings and orders if they are supported by substantial evidence. (*In re L.Y.L.* (2002) 101 Cal.App.4th 942, 947.) "[W]e must indulge in all reasonable inferences to support the findings of the juvenile court [citation], and we must also '. . . view the record in the light most favorable to the orders of the juvenile court.' " (*In re Luwanna S.* (1973) 31 Cal.App.3d 112, 114.) The appellant bears the burden to show the evidence is insufficient to support the court's findings and orders. (*In re Geoffrey G.* (1979) 98 Cal.App.3d 412, 420.)

The father was not involved in the conduct that resulted in the children being removed from Amber. The record does not support Amber's claims he is an offending parent and that E.S. felt the father abandoned him. Also, the mother has not shown detriment by the father being detained on an assault and battery charge in 2006 and investigated for domestic violence in 2013. Further, although the children's caregiver reported Amber and the father fought, Amber acknowledged she, not the father, was the aggressor.

Substantial evidence supports the court's decision to order E.S. and Michael placed with the father. During the time the father lived in San Diego, he was fully employed. He continued to be able to support the children. Beginning in February 2010, he had weekly visits with E.S. through each weekend. These visits increased to visits on other days as well until E.S. was in his care the majority of the time. In June, the father took E.S. on a trip for a week. There were no reports of any concerns for E.S.'s safety in the

8

father's care. Amber has provided no evidence beyond speculation of any potential detriment to E.S. She has not shown error by the court ordering E.S. placed with the father.

III

Amber and the children assert the court erred by terminating jurisdiction. Assuming this issue has been preserved for appeal, we hold there has been no showing of an abuse of the court's discretion by the court granting the father legal and physical custody and terminating jurisdiction over the boys. The court explained it was granting full custody to the father because, if he and Amber shared custody, Amber's mental health and emotional problems and the fact he lives out of state would put him at a disadvantage in making educational, medical and therapy decisions.

This court's recent opinion in *In re A.J.*, *supra*, 214 Cal.App.4th 525, supports the termination order. In *In re A.J.*, this court affirmed the juvenile court's decision to order a child placed with his biological father and to terminate jurisdiction. (*Id.* at p. 543.) There, the juvenile court had ordered the child placed with her biological father in another state and, after a short continuation to allow arrangements to be put in place for the child in her new home, terminated jurisdiction, finding there was no longer a protective issue. (*Id.* at p. 535.) This court found authority to grant the father's request for custody and termination of jurisdiction in the central premise of dependency law to serve the best interests of the child and in the court's broad discretion to make appropriate orders consistent with this fundamental principle. (*Id.* at pp. 536-537.) Here, there was

not evidence to show concern for the children's safety in the father's care. The court did not abuse its discretion by terminating jurisdiction over E.S. and Michael.

IV

Amber asserts the court abused its discretion by ordering her visitation with E.S. and Michael alternate between San Diego and Las Vegas every six weeks. She argues there was insufficient evidence to show she could afford to travel and stay in Las Vegas, and she would thus miss half of her allotted time with her children.

The court's visitation order provided Amber would have visitation every six weeks plus regular supervised visits through Skype and by telephone. Amber left the January 8, 2014 hearing after the court ordered the boys placed with the father. She did not appear at the January 30 hearing. Although she was not present to inform the court about her inability to pay for the cost of visiting in Las Vegas, her counsel indicated it would cause a hardship for her. Because Amber did not present any evidence of a hardship that would prevent her from visiting the children in Las Vegas, the visitation order was in the children's best interests. She has not shown an abuse of the court's discretion. If Amber wishes modification of the orders she may seek such modification in the family court.

DISPOSITION

The orders are affirmed.  The request for judicial notice is denied.


McCONNELL, P. J.

WE CONCUR:


McINTYRE, J.


IRION, J.